The next case this morning is 525-0191, People v. Taylor. Arguing for the appellant is Stephen Gentry. Arguing for the appellee is Julie Angus. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for a vote. Please note only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. Good morning. Mr. Gentry, you represent the appellant in this case? That's correct. All right. You may proceed when you're ready, sir. Thank you. Ryan Taylor's convictions for dissemination of child pornography should be reduced to the lesser-included offense of simple possession of child pornography because the evidence at trial was insufficient to prove the requisite mens rea of dissemination, where there was no evidence as to the process by which the images at issue were disseminated and no evidence that Mr. Taylor was aware of any of these processes. The evidence here is insufficient whether the mens rea is knowledge or recklessness. Nevertheless, the state is wrong when it argues that the requisite mens rea is recklessness. As the state acknowledges, the case law doesn't support the state's position. Previous cases that have addressed this question have applied knowledge as the mens rea, both in the published Daigle decision out of the 4th District in 2024 and the unpublished, more recent Moreno decision published just last year. The state also does not dispute that the mens rea for simple possession is knowledge. As the Illinois Supreme Court has held, when a possessory offense does not prescribe a particular mental state and is not an absolute liability offense, knowledge is the appropriate mental state. Because dissemination and possession are separate parts of the same statute concerning the same subject, both parts should be read together in order to produce what our state's High Court has called a harmonious whole. Where the mens rea of the lesser included offense of possession is knowing, the same should apply to the greater dissemination offense. The state's brief cites 2725-2-9 for the principle that a lesser included offense is established by proof of the same or less facts, or a less culpable mental state, or both. It would both be inconsistent and make no sense for a greater offense like dissemination to carry a less culpable mens rea, as the state advocates for here, than that of the lesser included offense of possession. In any event, whether by a standard of knowledge, which requires conscious awareness of the act, or recklessness, which requires a disregarding of a known risk, the evidence here is insufficient to sustain the convictions for dissemination, and they should thus be reduced to the lesser included offenses of simple possession. Diagle out of the Fourth District demonstrates the type of evidence that courts consider sufficient to show the mens rea of dissemination. There, the defendant admitted knowledge of a file-sharing application. Here, there's no such admission. There's no such evidence as to what application was used at all. It's undisputed that the state's evidence showed, through Investigator Rimmersberg's testimony, that photos could upload to Google either automatically or through an application from a device. Detective Wallace's testimony similarly indicated that material could upload manually or automatically based on set-up settings. However, there was no evidence here as to which process occurred here, or whether Mr. Taylor was aware of it at all. Any agreement to terms and conditions as to the set-up of a device, as speculated by Detective Wallace, does not indicate any actual knowledge of those terms and conditions by either the person setting up the device or a later user, much less any knowledge of the technical processes by which digital images can be disseminated to cloud networks. It's undisputed that the Google documents introduced into evidence by the state do not specify whether the images at issue here were uploaded automatically or through an application. There was no evidence showing that the upload of any of the images was due to a conscious act, rather than as the result of an automatic function of default or altered settings. The fact that Mr. Taylor had multiple Google accounts disabled does not actually indicate that he understood what was causing the accounts to shut down. The emails from Google did not indicate that any dissemination or uploading was occurring. It is the state's burden to prove every element of an offense, including the mens rea, beyond a reasonable doubt. The state's evidence here, while sufficing to prove possession, simply fails to show a conscious awareness of dissemination or the risk of it at all. Let me stop you for just a second on something you just said. Didn't one of the emails from, I don't know if it was Google or where it was from, specifically say, Dear Ryan, your account's being closed because there's indication of inappropriate child, sex, acts, something like that? It's correct that the emails from Google did reference the nature of the material. Okay, so how did he not know that's why his account was being shut down? Your Honor, we're not disputing in this case that either the nature of the material or that he viewed this material, that the evidence, the sufficiency of the evidence of these two things. What we're specifically challenging is his mens rea of dissemination, and the emails from Google do not indicate any dissemination or uploading. And so, Mr. Taylor, while not disputing that the evidence does suffice to sustain convictions for the lesser included offenses of simple possession of child pornography, we ask that this court reduces convictions to that lesser included offense because the mens rea here of dissemination simply is not shown by the evidence. If there are no other questions from the court, I will yield until then.  Justice Hackett? I will wait a bit until I hear from the appellee, and then maybe have a question for him later. Thank you. Okay. Justice Barberas? Nothing right now. Thank you. All right. Thank you, Mr. Gentry. You will have some time after Ms. Angus for the state. Ms. Angus? Good morning, Your Honors. Counsel.  May it please the court, my name is Julie Madison Angus, and I represent the people of the state of Illinois in this case. Your Honors, first and foremost, I want us to just focus on the language in the dissemination of child pornography statute. Subsection F1, Roman numeral 2, defines what it means to disseminate in the context of the child pornography statute. And it says it's to make a depiction by computer available for distribution or downloading. So let's just make sure we're all on the same page, that that requirement is, that's all that's required in the statute, to make it available for distribution or download. And Your Honors, counsel made several arguments that people would like to address. I think they boil down to one real issue. It's the sufficiency of the evidence. And we all know on appeal, the sufficiency of the evidence, the standard for review there is it's the evidence is viewed in the light most favorable to the prosecution. So with that lens, I'd like us to take a look really quickly. And a lot of this evidence can be technically overwhelming. But what's relevant here is pretty straightforward. Here's what we know. Defendant opened a Google account, the initial account. And he used that account to upload child pornography to the cloud. And the cloud is, I guess that's another thing we probably need to talk, you know, what is the cloud? The cloud's a global network of remote servers. And it stores things. And then those things are available for download anywhere at any time. So that's what he did. He uploaded the child pornography to the cloud. And at that point, he received notification. As Justice Barbara Barra said, he received this notification. He got a little note here from Google. It's in Exhibit 8. And it said, hey, you've got child pornography on your cloud account. We're going to disable it for that reason. And specifically, this is what it said. It said, this account has content that involved a child being sexually abused or exploited. This is a severe violation of Google's policies and might be illegal. And then later on, it informs him, we're disabling your account. And as your honors have noted, that was right there as evidence. Defendant knew what he was doing. So what does he do with that knowledge? Armed with that knowledge, he doesn't stop. He opens a second Google account that very same day that the account's disabled. And he uploads more images of child pornography. That account is disabled. And he still doesn't stop, your honors. He opens a third Google account and uploads more images, 26 more files, to the cloud, making them available for download. And just to clarify, the charges in this case, there were five files that were uploaded. Three of those files, the first three files in Exhibits 3A, B, and C, they were uploaded using the second Google account, after he received notification from Google that he was uploading child pornography. And then the last two charges are files that were found in the group that was uploaded using the third account. Again, clearly after he knew that he was uploading these images to his Google account. And now, proof of this knowledge, which is clear in this case, is circumstantial, but that's perfectly fine. If it's direct or circumstantial, the standard of review is the same. Does it lead to the reasonable determination that defendant knew he was uploading child pornography, making it available for download, which is all that's required in this case under the statute, your honors. And clearly, he knew that. So are you saying that the mens rea knowledge is enough? We're saying that we would, that Daigle, contrary to counsel's argument, our position is Daigle specifically left the mens rea question open. They invited other courts to determine what the appropriate mens rea is, if it's knowledge or recklessness. And for this dissemination statute, your honor, the position would be from the people that it's recklessness. But here, we don't necessarily need to get there because the people clearly proved knowledge. Knowledge in this case. But knowledge would be less than recklessness, which is why I'm a little confused by your argument. You say knowledge is enough. But in your brief, you argue recklessness. Go ahead. I'm sorry. Well, I think knowledge is actually a higher mental state than recklessness. So our position would be that in this case, by proving knowledge, that's subsumed the mental state of recklessness. That we would prefer that this court would take up the invitation put down by Daigle and find that recklessness is a sufficient mental state. But in this case, we went a bit further and we proved the higher mental state of knowledge. But don't you think this case is teed up, so to speak, to where we have to reach that issue of whether it's recklessness or knowledge? Or can we avoid that? Well, your honors, in this case, as stated, the defendant, we proved the defendant knew what he was doing. We proved knowledge. So don't necessarily, the discussion of recklessness might be academic in this situation, your honors, because we proved the higher mental state. If you were to determine that knowledge was the appropriate mental state, that was, we easily, you know, cleared that hurdle in this case, your honor. With the fact that defendant admitted to possessing this, he admits on appeal, he's asking you to remand for resentencing based on possession. And we have the additional evidence of this knowledge with the Gmail, the Google notification telling him that's what he was doing. And then he continued. Armed with that knowledge, he consciously made the choice to continue doing what he was doing. So we proved knowledge if recklessness is not found to be the appropriate mental state by the court here. Okay, thank you. May I follow up on that? If you, I find just a small disconnect here on what you're saying and walk me through this again. The information from Google would inform him that he had inappropriate material being child pornography. And that's why his account was being closed. The defendant doesn't dispute knowledge and the viewing of that. But how does that connect to the idea of dissemination? That's a good question here, your honor. And I may be putting words in your mouth, but what the defendant is admitting to as far as possession is that it was on his phone. He had it. He looked at it. That's what he is. From there, what we're saying is that by uploading it to the cloud, he's guilty of dissemination because he made it available for download. Once it was uploaded to the cloud from his device, he made it available for download. And under the child pornography statute, that's all that's required for dissemination. We don't have, in other situations, for example, in the non-consensual dissemination of private sexual images, dissemination actually requires that it be published to another person, to another party. That's not the definition of dissemination here, your honors. It's just, was it uploaded? And was it made available for download? And here it clearly was. And he knew that. He knew that by having these. Where do we find that he knew that it was available for download? That comes from this Google account notification, your honor, because this Google account notification is saying that he has that content on his cloud account, that he uploaded it to the cloud. And then Google is saying, hey, guess what? We've reviewed your cloud account, and we found that you have child pornography content on your cloud account. And that gets to his cloud account by him uploading it. So once it was in that cloud account, it was made available for download. And we know it was in his cloud account because Google told him that. And that's what also is kind of the smoking gun in this case, your honors. That's what gives him knowledge. He was told what you're doing, you're uploading this to your cloud account. My last question on that is how does one know that uploading something to the cloud makes it available for other parties? Well, in this case, we know it because Google had it. They reviewed it. They looked at it. So he made it available to Google, your honors. In this case, he uploaded it to the cloud, and we know it was available because Google had it. And that's all that's required under the Dissemination of Child Pornography statute. So, your honors, I see my time is up. Are there any other questions? Justice Hackett, anything further? No, thank you. Justice Barrios? No, thank you. May I briefly conclude? I must just say for these reasons and those stated in our brief, we would respectfully request that this court affirm defendant's convictions for Dissemination of Child Pornography. Thank you. All right. Mr. Gentry, rebuttal? Thank you. It's understandable that the state would prefer a lesser standard of mens rea, of recklessness. But that's not a reason to overlook the principles of law that I cited in my initial argument. But nevertheless, I do agree with the state that under either standard of mens rea, the same outcome should be reached, although I disagree as to what that outcome is, of course. And that is that the state simply has not shown that Mr. Taylor had knowledge as to the dissemination aspect of this case. The state has focused on the email from Google, and that email says that his account has content. It doesn't say that it's available for download. It doesn't say that it was uploaded. It doesn't say that it was disseminated. And the fact that Mr. Taylor repeatedly opened accounts... But doesn't it just imply, though, I mean, he knows that not only he has access to that photo, that someone else does, that someone else being Google. It's unclear that he has any knowledge of that sort of interpretive leap from the words that are in that email. If he thought that he had images on his phone or computer that were private only on his phone or his computer, how could he not understand that by getting a letter or an email from someone else saying, hey, we've seen these images, you've got them on your account, you were deleting your account? How could you even argue that he doesn't know that somebody else has seen those images? Well, someone else may have seen some indication that these images existed through his account, but that doesn't necessarily equal that he understands that they were seeing these images after they had left whatever device he had viewed them on and went to some other location. That's a level of technical knowledge that the evidence doesn't really support Mr. Taylor having any understanding of it all. And moreover, the fact that he repeatedly opened accounts seemed to indicate that he didn't really understand what was going on since they were getting closed repeatedly. The state points out that evidence can be circumstantial as to the mens rea, but here there's no evidence at all. This letter from Google, just that his account had content, doesn't speak to it being disseminated, it doesn't speak to it being uploaded or downloaded or available for either of those things. And there's no evidence at all that Mr. Taylor tried to access any of these images after they were uploaded. And for those reasons, there's simply no way to know how these images were uploaded. The state has conceded at trial that it had no evidence indicating whether they were deliberately uploaded or whether it was due to some sort of automatic process related to settings. They never showed that Mr. Taylor was involved in any of these settings. And so while the evidence certainly does show the unfortunate possession of these images, it does not show that Mr. Taylor had the mens rea requisite to sustain these convictions. And for those reasons, we ask that this court reduce his convictions to the more appropriate possession of child pornography and remand this case for resentencing. Justice Hackett, questions? No, thank you. Justice Barberis? No, thank you. All right. Thank you both for your arguments here today. We will take this matter under advisement and issue an order in due course. Have a great day. Happy New Year. Thanks. Happy New Year.